Sandra R. **HALL**

v.

**SAVINGS OF AMERICA.**

Civ. A. No. G–93–017.

United States District Court, S.D. Texas, Galveston Division.

Jan. 6, 1994.

Patrick J. Gilpin, Houston, TX, Robert Marvin Wood, Woodville, TX, Tommy Ernest Swate, Kountze, TX, for plaintiff.

James B. Galbraith, McLeod, Alexander, Powel & Apffel, Galveston, TX, for defendant.

## ORDER

KENT, District Judge.

This cause having come to trial before a jury and this Court, and the jury having duly rendered its verdict, the Court is now prepared to enter Final Judgment. Before the Court is the Defendant's motion for judgment, new trial, and/or remittitur, and the Plaintiff's application for attorney's fees and costs. For the reasons stated below, the Defendant's motion is **DENIED,** Plaintiff's application is **GRANTED IN PART,** and Final Judgment is rendered accordingly.

**Motion for Judgment, New Trial, and/or Remittitur:** Defendant argues broadly that the verdict of the jury is not supported by the evidence; that it is the result of passion, prejudice, or improper influence; and that it resulted in part from harmfully defective jury questions. The Court disagrees. In particular, the Court finds that the jury observed more than enough evidence to support its conclusion that the Defendant unlawfully terminated Plaintiff Hall in retaliation for her filing a worker's compensation claim; that the Defendant discriminated against Ms. Hall on the basis of her disability in violation of the Texas Commission on Human Rights

Act;[1] that these unlawful acts caused damages to Ms. Hall in the amounts indicated on the verdict; that the Defendant committed these acts willfully and maliciously; and that sizable punitive damages were justified.

Arguing that these conclusions are against the great weight of the evidence, the Defendant directs the attention of the Court to evidence tending to show that its motives were, in fact, lawful. The jury, however, disregarded this evidence, choosing instead to believe the inferences of improper motivation supported by the evidence of Ms. Hall. The Court will respect that finding.

■ The Defendant objects to the jury charge on damages on the grounds that certain elements of damages are not recoverable under the Human Rights Act. Because the jury found liability on the worker's compensation claim as well, however, any error in this regard is not harmful. Furthermore, Defendant's argument that punitive damages are not recoverable for willful violations of the Human Rights Act is incorrect. *See Lakeway Land Co. v. Kizer,* 796 S.W.2d 820, 823–24 (Tex.App.—Austin 1990, writ denied) (allowing such recovery). While the Defendant has cited a passing comment to the contrary by a later panel of that same Texas court, that dicta took much too passive a form to be considered binding authority.

■ The Defendant also contends that an employer is not required to make reasonable accommodations for disabled employees under the Texas Commission on Human Rights Act, as the Court instructed the jury. Oddly, the Defendant argues that "the opposite is true" because "[a] showing of undue hardship is a defense to an action under the TCHRA." In fact, it is the statutory existence of this defense that led this Court to conclude that the Human Rights Act requires reasonable accommodation. Specifically, the statute states that "the court must take into account the undue hardship defense, including the reasonableness of the cost of any necessary work place accommodation and the availability of alternatives or other appropriate relief." Tex.Civ.Stat.Ann. art. 5221k § 7.01(f) (Ver-

non Supp.1993). No reported Texas cases have interpreted this provision. However, its plain language clearly contemplates that an employer has a duty to make reasonable accommodations for disabled employees and applicants. Otherwise, this provision would be meaningless. Under Defendant's interpretation, an undue hardship would be defined as *any* cost of accommodation, contrary to the statute. If anything, in fact, the Court's instructions *favored* the Defendant by requiring the Plaintiff to prove the reasonableness of any accommodations needed; a perfectly plausible interpretation of the Act would require the burden of proving inability to accommodate to remain solely with the employer. *See Prewitt v. United States Postal Service,* 662 F.2d 292, 308–09 (5th Cir.1981) (interpreting the "undue hardship defense" under the federal Rehabilitation Act to support this conclusion); *City of Austin v. Gifford,* 824 S.W.2d 735, 739 (Tex.App.—Austin 1992, no writ) (holding that Human Rights Act should be interpreted in light of analogous federal civil rights law).

■ **Attorney's Fees:** As the prevailing party in an action under the Human Rights Act, Ms. Hall may recover a reasonable attorney's fee as part of her costs. Tex.Civ. Stat.Ann. art. 5221k § 7.01(e). The Court has reviewed Plaintiff's application in detail and finds that, for the most part, it presents with sufficient particularity an accurate, fair, and reasonable summary of the costs of trying this lawsuit. However, the Court finds two general categories of expenses applied for to be unreasonable. First, the Court will not award any expenses incurred solely because Plaintiff's counsel is based in Houston and Woodville, while this case was tried in Galveston. While the Court is of the opinion that Ms. Hall made an excellent choice of representation, utilizing attorneys with extensive experience and stellar capabilities in prosecuting claims of her sort, the Court does not feel that the Defendant should bear the cost either of her choice to use out-of-town counsel, or of such counsel's choice to file this action in the Galveston Division in-

---

**1.** The Court notes that Defendant argues alternatively that Ms. Hall either presented no evidence of disability or, if she did, that such disability was

so severe as to render her unqualified for her position. The inconsistency of these positions is stark.

stead of the equally proper venue of the Houston Division. Accordingly, taking judicial notice that Houston is one hour and Woodville 2.5 hours from Galveston by car, the Court disallows 16.5 hours of Mr. Wood's claimed time, and 10.0 hours of Mr. Gilpin's.

■ Secondly, the Court will not award those expenses which it would properly label "overhead" expenses. To the extent expenses such as photocopying and courier services cannot be directly credited as being required by the rules of this Court, the Court presumes that these should be subsumed within the hourly fees of the attorneys as part of the cost of plying their craft. Since the application supplies insufficient detail as to the source of these charges, the Court disallows $303.64 of the claimed expenses.

■ Otherwise, the Court finds that the time and costs expended by Plaintiff's counsel on this case to be highly reasonable, especially considering that this was a complex discrimination action based on law that is not fully developed. Furthermore, the Court finds that the customary and reasonable fee suggested by both Mr. Wood and Mr. Gilpin, $250 per hour, is reasonable. Hence the reasonable and customary fees and expenses subject to an award under the Human Rights Act are $24,625 for Mr. Wood (98.5 hrs), $25,425 for Mr. Gilpin (101.7 hrs), and $2,271.64 in costs.

■ Furthermore, the Court finds that the extraordinary performance of Mr. Wood in this case justifies multiplication of the above-calculated lodestar figure, under the standards set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974); *see also Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.1990), *modified*, 903 F.2d 352 (5th Cir.1990). In particular, the Court finds that Mr. Wood demonstrated remarkable skill in proving the difficult question of unlawful motive in an employment decision. After taking the role of lead counsel at trial on short notice, Mr. Wood achieved outstanding results for his client. While Mr. Wood may take a rather self-deprecating view of his reputation and abilities,[2] this Court is of

the opinion that he is one of the finest lawyers to have appeared in this forum, and that he stands as a model of style and professionalism for his peers. Therefore, the Court will multiply his customary fee by a factor of 1.25, for an award of $30,781.25.

Accordingly, the Plaintiff's application is **GRANTED IN PART,** and the Plaintiff is **AWARDED $58,477.89** in attorney's fees and costs. It is further **ORDERED** that the parties file no further pleadings on this issue in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.

### *FINAL JUDGMENT*

This action came on for trial before the Court and a jury, and the issues having been duly tried and the jury having rendered its verdict, the Court now enters Final Judgment as to the claims of Plaintiff Sandra R. Hall.

It is **ORDERED** that Plaintiff Sandra R. Hall recover of the Defendant, Savings of America:

a. the sum of **ONE MILLION THREE HUNDRED SIXTY FIVE THOUSAND EIGHT HUNDRED FORTY DOLLARS ($1,365,840.00)** in compensatory damages;

b. the additional sum of **ONE MILLION DOLLARS ($1,000,000.00)** as punitive damages;

c. pre-judgment interest from August 10, 1991 to this date at the rate of **3.25 per cent,** on the $98,124.00 of the above compensatory damages awarded as back-pay;

d. the sum of **FIFTY EIGHT THOUSAND FOUR HUNDRED SEVENTY SEVEN DOLLARS AND EIGHTY NINE CENTS ($58,477.89)** as Plaintiff's reasonable and necessary attorney's fees and costs of action; and

---

**2.** Mr. Wood's affidavit states: "As to the experience, reputation, and ability of this attorney ... [m]y reputation is not bad, and my ability is usually adequate."

e. post-judgment interest on all above sums at the rate of **3.25 per cent** as provided by law.

All other claims by Ms. Hall are **DISMISSED,** and any relief not specifically granted herein is **DENIED.**

THIS IS A FINAL JUDGMENT.

IT IS SO ORDERED.